UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS LASANCE, | Case No. 2:21-cv-6501-MCS (MAR) |
| Plaintiff, | MEMORANDUM AND ORDER DISMISSING CASE |
| v. | |
| WARDEN, ET AL., | |
| Defendant. | |

## I.

## **INTRODUCTION**

On August 3, 2021, Douglas Lasance ("Plaintiff") constructively filed[1] a pro se Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("section 1983"). ECF Docket No. ("Dkt.") 1.  On September 3, 2021, the Court dismissed the Complaint with leave to amend ("ODLA"), granting Plaintiff until October 4, 2021 to file a First Amended Complaint ("FAC").  Dkt. 8 at 9.  To date, Plaintiff has not filed a FAC.  For the reasons below, the Court **DISMISSES** this action, without prejudice.

---

[1] Under the "mailbox rule", when a pro se prisoner gives prison authorities a pleading to mail to the court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

## II.

## BACKGROUND

On August 3, 2021, Douglas Lasance ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), constructively filed a Civil Rights Complaint pursuant to section 1983 in the Eastern District of California.  Dkt. 1.  On August 17, 2021, the case was transferred to the Central District.  Dkt. 3.  On September 3, 2021, the Court issued an ODLA, granting Plaintiff until October 4, 2021 to file a FAC.  Dkt. 8 at 9.

On October 25, 2021, this Court issued an Order to Show Cause ("OSC") ordering Plaintiff to show by November 15, 2021 why this action should not be dismissed for failure to prosecute.  Dkt. 9.  Plaintiff was warned that "[f]ailure to respond to the Court's Order **may** result in the dismissal of the action."  Id. (emphasis added).

On November 30, 2021, this Court issued a second OSC ordering Plaintiff to respond to the Court's previous Orders.  Dkt. 10.  Plaintiff was warned that he "must comply…**by December 14, 2021,** or this action **will** be dismissed for failure to prosecute."  Id. (emphasis in original).  Plaintiff has not corresponded with the Court at all since he filed the Complaint on August 3, 2021.

## III.

## DISCUSSION

**A.    APPLICABLE LAW**

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

1    In deciding whether to dismiss for failure to prosecute or comply with court

2  orders, a district court must consider five (5) factors:  "(1) the public's interest in

3  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

4  risk of prejudice to the defendants; (4) the public policy favoring disposition of cases

5  on their merits; and (5) the availability of less drastic sanctions."  Omstead v. Dell,

6  Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d

7  1421, 1423 (9th Cir. 1986)).

8    "[The Ninth Circuit] 'may affirm dismissal where at least four factors support

9  dismissal . . . or where at least three factors "strongly" support dismissal.'"  Yourish v.

10  California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of

11  El Monte, 138 F.3d 393, 399 (9th Cir. 1998)).  In a case involving sua sponte

12  dismissal, however, the fifth Henderson factor regarding the availability of less drastic

13  sanctions warrants special focus.  Hernandez, 138 F.3d at 399.

14  **B.    ANALYSIS**

15    **1.    The public's interest in expeditious resolution of litigation**

16    In the instant action, the public's interest in expeditious resolution of litigation

17  weighs in favor of dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.

18  2002) ("The public's interest in expeditious resolution of litigation always favors

19  dismissal." (quoting Yourish, above) (internal quotation omitted)).  Plaintiff has not

20  filed a FAC in compliance with the Court's September 3, 2021 ODLA or otherwise

21  responded to the Court's October 25, 2021 or November 30, 2021 OSCs.  In fact,

22  Plaintiff has not corresponded with the Court at all since he first filed his Complaint

23  on August 3, 2021.  Dkt. 1.  Given that Plaintiff has failed to interact with the Court

24  for over four (4) months, this factor weighs in favor of dismissal.  See Dkt. 1; see also

25  Pagtalunan, 291 F.3d at 642 (finding that the plaintiff's failure to pursue the case for

26  almost four (4) months weighed in favor of dismissal).

27  ///

28  ///

3

        **2.**        **The Court's need to manage its docket**

The second factor—the Court's need to manage its docket—likewise weighs in favor of Dismissal. Courts have "the power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." See Ferdik, 963 F.2d at 1261. As such, the second factor looks to whether a particular case has "consumed . . . time that could have been devoted to other cases on the [Court's] docket." See Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's docket.").

On September 3, 2021, the Court issued an ODLA ordering Plaintiff to file a FAC by October 4, 2021. Dkt. 8 at 9. The ODLA explicitly cautioned Plaintiff "failure to timely file a First Amended Complaint in conformity with this Order will result in the dismissal of the action." Id. at 10.

On October 25, 2021, after Plaintiff failed to respond to the ODLA, the Court issued an OSC why the Complaint should not be dismissed for lack of prosecution. Dkt. 9. The Court issued a second OSC on November 30, 2021, warning that failure to respond will result in dismissal. Dkt. 10.

Plaintiff has failed to comply, or otherwise respond, to any of the Court's Orders, all of which warned Plaintiff that his failure to comply could or would result in the recommended dismissal of the Complaint. See Dkts. 8 at 10; 9; 10. Plaintiff's failure to prosecute and follow Court Orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to or cannot litigate this action diligently. Consequently, the Court's need to manage its docket favors dismissal here.

        **3.**        **The risk of prejudice to Defendant**

The third factor—prejudice to Defendant(s)—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452–53

1  (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify

2  dismissal . . . [t]he law presumes injury from unreasonable delay.").

3       Nothing suggests such a presumption is unwarranted in this case.  Plaintiff has

4  not provided any reason for his failure to comply with either the Court's ODLA or

5  OSC and for his failure to communicate with the Court since he filed the original

6  Complaint on August 3, 2021.  Dkt. 1.  Given the length of the delay, the Court finds

7  Plaintiff's delay in prosecuting this case to be unreasonable.  Thus, prejudice is

8  presumed and weighs in favor of dismissal.  See, e.g., In re Phenylpropanolamine

9  (PPA) Prod. Liab. Litig., 460 F.3d at 1227 ("The law . . . presumes prejudice from

10  unreasonable delay.").

11       **4.       Public policy favoring disposition on the merits**

12       The fourth factor—public policy in favor of deciding cases on the merits—

13  ordinarily weighs against dismissal.  See In re Phenylpropanolamine (PPA) Prod. Liab.

14  Litig., 460 F.3d at 1228.  Here, as it usually does, the fourth factor weighs against

15  dismissal.  It is, however, Plaintiff's responsibility to move towards disposition at a

16  reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley,

17  942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility

18  despite having been:  (1) instructed on his responsibilities; (2) granted sufficient time

19  in which to discharge them; and (3) warned of the consequences of failure to do so.

20  See Dkts. 8 at 10; 9; 10.  Under these circumstances, and without any other

21  information from Plaintiff, the policy favoring resolution of disputes on the merits

22  does not outweigh Plaintiff's failure to obey Court Orders or to file responsive

23  documents within the time granted.

24       **5.       Availability of less drastic alternatives**

25       The fifth factor—availability of less drastic sanctions—also weighs in favor of

26  dismissal.  A "district court need not exhaust every sanction short of dismissal before

27  finally dismissing a case, but must explore possible and meaningful alternatives."

28  Henderson, 779 F.2d at 1424.  Less drastic alternatives to dismissal include warning a

1   party that dismissal could result from failure to obey a court order.  See Malone, 833

2   F.2d at 132 n.1.  Further, "a district court's warning to a party that his [or her] failure

3   to obey the court's order will result in dismissal can satisfy the 'consideration of

4   alternatives' requirement."  Ferdik, 963 F.2d at 1262 (citations omitted).

5           Here, the Court cannot move the case toward disposition without Plaintiff's

6   compliance with Court Orders or participation in this litigation.  Plaintiff has shown

7   he is either unwilling or unable to comply with Court Orders by filing responsive

8   documents or otherwise cooperating in prosecuting this action.  Given this record, the

9   Court finds that any less drastic alternatives to dismissal would be inadequate to

10  remedy Plaintiff's failures to obey Court Orders and to prosecute.

11          **6.      Summary**

12          Finally, while dismissal should not be entered unless Plaintiff has been notified

13  dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519,

14  1523 (9th Cir. 1990), the Court has warned Plaintiff about the potential dismissal in

15  the September 3, 2021 ODLA and in two (2) separate OSCs.  See Dkts. 8 at 10; 9; 10.

16          As discussed above, four (4) of the Rule 41(b) factors weigh in favor of

17  dismissal.  Accordingly, this action is subject to dismissal.

18                                  **IV.**

19                                **ORDER**

20          **IT IS THEREFORE ORDERED THAT** Petitioner's case is **DISMISSED**

21  without prejudice.

22
    Dated:  January 7, 2022
23
                                    _____
24                                  HONORABLE MARK C. SCARSI
                                    United States District Judge
25

    Presented by:
26

27  _____
    MARGO A. ROCCONI
28   United States Magistrate Judge